### M. S. GRAY v. DAVID RUSSELL.

Decided February 3, 1906.

**1.—Executor Without Bond—Jurisdiction of County Court.**

The mere provision in a will relieving the executor from giving bond does not have the effect of divesting the County Court of control of the estate. Unless the will in express terms or by necessary implication indicates the contrary the estate must be administered in the County Court.

**2.—Order of Probate—Recitals in—Effect of.**

The order of the court admitting the will to probate and appointing the executor, contained the recital that the will provides "that no further action be taken in this court other than the probate of this will and the appointment of said executor and filing and approving an inventory and list of claims." Held, that the recital was no part of the judgment, and a deed made by the executor acting independently of the Probate Court could be attacked in a collateral proceeding for the want of authority in the executor.

Appeal from the District Court of Tyler County. Tried below before Hon. N. P. Nicks.

*Joe W. Thomas,* for appellant.—The court erred in permitting the plaintiff to introduce in evidence the deed from Norwood, executor of the estate of Sanders. Sec. 16, art. 5, Texas Const.; Rev. Stats. of Texas, arts. 2113, 2007, 2009, 2134, 2146, 5334, 1995, 1996; Coy v. Gage, 11 Texas Ct. Rep., 914; Anderson v. Stockdale, 62 Texas, 62; Wright v. Dunn, 11 S. W. Rep., 330; Carlton v. Goebler, 94 Texas, 97; Blanton v. Mayes, 10 S. W. Rep., 453; Roberts v. Connellee, 8 S. W. Rep., 628; Reese v. Medlock, 27 Texas, 123; Howard v. Johnson, 69 Texas, 659; Rice v. Conwill, 10 Texas Ct. Rep., 122.

*J. A. Mooney,* for appellee.—A Probate Court has jurisdiction to probate wills and it is a proceeding in rem, its judgments are conclusive of all matters contained therein and binding on all parties. They are not subject to collateral attack. Freeman on Judgments, 608; Driggs v. Grantham, 41 S. W. Rep., 411; Whitman v. Haywood, 77 Texas,

557; Steele v. Renn, 50 Texas, 481; Salmon v. Huff, 28 S. W. Rep., 1045; Carlton v. Goebler, 94 Texas, 97; Howard v. Johnson, 69 Texas, 655.

A purchaser in good faith from an executor acting under an order appointing him, directing him to act without further order of the court, has a right to rely on the judgment, and will be protected in his purchase. Orr v. O'Brien, 55 Texas, 156; Fowler v. Stagner, 55 Texas, 397; Halbert v. DeBode, 28 S. W. Rep., 59; Davis v. Gaines, 104 U. S., 386.

PLEASANTS, Associate Justice.—This is an action of trespass to try title to a tract of 160 acres of land in Tyler County, brought by appellee against appellant. The defendant answered by general demurrer and plea of not guilty. The cause was tried by the court without a jury and judgment was rendered in favor of plaintiff for the title and possession of the land.

The evidence shows title from the State down to C. J. Sanders, who died in 1900 leaving a will, by the terms of which E. J. Norwood was appointed executor. This will, which was duly probated in the County Court of Grimes County at the November term, 1900, directs that no bond shall be required of the executor, but does not contain any provision exempting the estate from the jurisdiction of the Probate Court.

Plaintiff claims title to the land through a deed to him from Norwood, as executor of said will, executed on August 25, 1902. The defendant objected to the introduction in evidence of this deed on the ground that no order of the County Court authorizing or confirming the sale had been shown, and in the absence of such orders the executor had no authority to execute the deed and it conveyed no title. The court overruled the objection, and held that the deed vested the title in plaintiff and entitled him to judgment for the land. Under appropriate assignments of error appellant complains of this ruling, and the assignments must be sustained.

It is well settled that a provision in a will relieving the executor from executing a bond does not have the effect of divesting the County Court of control of the estate, and unless the will in express terms or by necessary construction indicates the desire of the testator that his estate shall be administered independent of the County Court the jurisdiction of that court attaches, and the estate must be administered under its control and orders. (Lewis v. Nichols, 38 Texas, 54; Smithwick v. Kelly, 79 Texas, 564.)

It is not contended that there is anything in Sanders's will which would justify the holding that it was his desire and intention that his executor should act independent of the Probate Court, but it is urged that because the order of the court probating the will and appointing Norwood executor recites that the said will provides, "that no further action be taken in this court other than the probate of this will and the appointment of said executor and filing and approving an inventory and list of claims," his authority to convey the land as independent executor can not be questioned in this case without infringing the rule which prohibits a collateral attack upon a judgment of a court of competent jurisdiction.

We think this contention is without merit. The court in passing upon the application for the probate of the will and appointment of the executor was not called upon to construe the will or define the powers of the executor thereunder, and the recital above quoted had no proper place in the order and can not be regarded as a part of the judgment. The cases of Orr v. O'Brien, 55 Texas, 156, and Halbert v. DeBode, 28 S. W. Rep., 59, cited by appellee do not sustain his contention. These cases only announce the well-settled rule that an order of a County Court probating a will can not be collaterally attacked, and that questions affecting the validity of the will and the sufficiency of the proof upon which it was probated must be raised by direct proceedings brought for the purpose of setting aside the order admitting the will to probate. It is, we think, clear that· this rule has no application in the case we are considering.

The appellee having failed to show title to the land, the judgment in his favor is reversed and the cause remanded.

*Reversed and remanded.*