HORACE HALDEMAN ET AL. v. MRS. EUGENIA H. OPENHEIMER ET AL.

No. 2035. Decided March 30, 1910.

**1.—Will—Legacies—Charge on Realty.**

A will, after giving certain legacies in general terms, devised "the remainder of my estate, both real and personal," to the wife of testator for life, making her executrix without bond, the balance remaining after her death going to trustees for the benefit of a niece. Held, that the devise of "the remainder" of his estate, could mean only what remained after payment of the legacies, and that both the realty and personalty so devised, were charged with payment of such legacies. (Pp. 276–279).

**2.—Will—Trustees—Power to Sell.**

Property charged first with the payment of legacies, was devised, for her life, to the wife of testator who was made independent executrix without bond, and was further devised, on her death, to trustees, with power of sale and investment, for the benefit of a niece of testator. The widow, independent executrix, having died, the trustees for the benefit of the niece were without power to sell for the payment of legacies or debts of the testator, being limited to the powers conferred on them by the will. (Pp. 279, 280).

**3.—Same.**

Trustees under a will taking title to property for the benefit of another have only such powers of sale as the will gives them, and unless authorized thereby can not sell for the purpose of discharging legacies or debts of the testator which are a charge on the property in their hands. Such sale must be made in administration. (Pp. 279, 280).

Error to the Court of Civil Appeals for the Third District, in an appeal from Travis County.

Action by Mrs. Openheimer to obtain construction of a will. Defendant appealed from the judgment, and on its affirmance obtained writ of error.

*A. S. Phelps,* for plaintiffs in error.—Special legacies are not a charge on the real property composing an estate unless it was the manifest intention of the testator expressed in his will to so charge such real property. Minter v. Burnett, 90 Texas, 245; Smith v. Cairns, 92 Texas, 667; Moerlein v. Heyer, 100 Texas, 245; Couts v. Holland, 20 Texas Ct. Rep., 812.

*D. W. Doom* and *D. H. Doom,* for defendants in error.—The will of L. M. Openheimer having devised certain special legacies to different persons and then devised the remainder of the estate, both real and personal, made the said special legacies a charge upon both the personal and real estate as decided by the District Court. Moerlein v. Heyer, 100 Texas, 245.

Under the terms of the will the title to the property being vested in Lewis Hancock and R. M. Thompson as trustees, they have the right of any other devisee to pay off any indebtedness and special legacy which is chargeable against the property and thereby relieve it of the burden so that they can proceed with the administration of the trust imposed on them without any administration with the will annexed in the Probate Court, it being the privilege of all devisees or heirs at law to pay off charges against the property and prevent administration on the estate. Rev. Stats., art. 1896.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

This action was brought by Mrs. Openheimer, as executrix of the will of her deceased husband, L. M. Openheimer, to obtain a construction thereof. She died before the trial in the District Court and the defendants in error, Lewis Hancock and R. M. Thompson, prosecuted the cause to judgment. The questions which they sought to have decided were (1) whether or not the legacies given by the will were chargeable upon the real estate, in case the personalty should prove inadequate to pay them after discharging the debts, and (2) whether or not, as trustees under the will, they had power to sell property for the purpose of paying debts and legacies. Both these questions were decided affirmatively by the District Court and the Court of Civil Appeals and are raised by the application for writ of error.

Openheimer died in September, 1906, having made the will in question in February next preceding. It is copied in full in the opinion of the Court of Civil Appeals. Only those provisions which we consider decisive of the question need be stated here. Nothing is said about debts anywhere in the instrument. The first three provisions, in general terms, give the legacies in question. The fourth is as follows:

"4th. The remainder of my estate, both real and personal, I

devise, bequeath and give to my wife Eugenia H. Openheimer for and during the term of her natural life and for her sole use and benefit during said time, and after her death I do give, devise and bequeath the balance remaining at the time of her death and which she may not have used, to my friends A. Adoue of Calvert, Robertson County, Texas, and Lewis Hancock of Austin, Travis County, Texas, in trust, however, for the following uses and purposes, to wit: The said Adoue and the said Hancock are to invest such funds as may be on hand at the time of the death of said Eugenia H. Openheimer, and if in their judgment it be advisable to sell any real estate that may be on hand and unsold at said time and invest such funds and the proceeds from sale of any real estate in case of sale, in such promissory notes, bonds, real estate or other securities as they may deem secure, safe and advisable and pay the interest, rents or other revenues to my niece ·L. Eugenia Haldeman during her natural life, the trust here created being for the use and benefit of the said L. Eugenia Haldeman."

The ninth clause makes Mrs. Openheimer executrix without bond and freed from the control of the Probate Court.

It appears from the findings that the estate consists of personal, real and mixed property of the value of about $30,000, far the greater part of which is real estate, that the debts and legacies are unpaid and that the personal property is insufficient to pay them.

I. We agree with the courts below in holding that the legacies are charged by the language of the fourth clause upon the entire estate, real and personal. The clause admits of no other interpretation. It in terms masses both kinds of property as a "remainder" of his estate left to devisees. This means that which remains of such mass after something has been deducted from it. That something is the legacies just mentioned, there being nothing else given to be taken out of the estate. The provision is much more clear than many of a similar character that have been held to charge legacies upon land. The reasoning is thus stated in Greville v. Browne, 7 H. L. Cases, 696: "It is considered that the whole is one mass; that part of that mass is represented by legacies and that what is afterwards given is given minus what has been before given, and therefore given subject to the prior gift." Again on page 698: "The rest and residue mean something after something has been deducted. After what has been deducted? Why that which has been given before." The interpretation of the will in the case referred to did not pass without serious question. It, as·well as those in other cases in which the same kind of reasoning has been applied, had complications, which are not present in the will before us and on which the argument against that interpretation was based. The system of construction indicated in the quotation has steadily prevailed in the English Courts and generally in those of this country, including the Supreme Court of the United States. Lewis v. Darling, 16 How., 1. It is not recognized to its full extent in some of the States, especially in New York. Lupton v. Lupton, 2 Johns Ch., 614; Brill v. Wright, 8 Am. St. R., 717, 722, note. Stevens v. Gregg, 10 Gill & J., 143. The dispute seems to be over the question whether or

not the ordinary residuary clause of wills containing legacies has the effect necessarily to make them payable out of real estate when the personal property proves insufficient to satisfy them. We have found no case which would deny that effect to a will constructed as this one is unless it be Stevens v. Gregg, supra. In reaching our conclusion, however, we follow no artificial rule of construction, but find the true intention of the testator from all the provisions he has made in his will. That intention is further indicated by the fact that, in connection with the language on which we have commented, the testator makes her to whom he devises the "remainder" his executrix, thus making it her duty to carry out his expressed purposes and at the same time putting in her hands the means with which to do it, which means consist of both real and personal property. In Harris v. Fly, 7 Paige, 425, Chancellor Walworth uses this language: "Personal estate is the primary fund for the payment of debts and legacies. If the testator therefore gives a legacy without specifying who shall pay it, or out of what fund it shall be paid, the legal presumption is that he intended it should be paid out of his personal estate only; and if that is not sufficient the legacy fails. So if he directs his executors to pay a legacy without giving to them any other fund than the personal estate out of which they can pay it. But where the real estate is devised to the person who by the will is directed to pay the legacy, it has frequently been decided that such legacy is an equitable charge upon the real estate so devised, although the devisee is also the executor, or is the residuary legatee of the personal estate; unless there is something in the will itself to indicate a contrary intention on the part of the testator." All the authorities which we have consulted, except the case of Stevens v. Gregg, supra, hold that when legacies are given and real estate is devised to the same person who is appointed executor and directed to pay them, they become a charge upon the real estate so devised. It is true that this has been held in cases where the direction to pay was express, as in Harris v. Fly, and wills might be otherwise so worded that such an expression would be essential to the construction indicated. Of course there is an implication from the mere giving of a legacy that the executor is to pay it, but that implication is only that he is to pay it out of the personal estate. To extend it so as to make it embrace real estate further expression is necessary, which, according to the authorities, may be found in a devise of the real estate to the person made executor with an express direction to pay the legacy; and it may as well be found in any other language from which the intention may be clearly deduced that the executor shall pay out of real estate devised to him. In this case the language which unmistakably indicates that intention is that which first gives the legacies and then immediately devises the "remainder" of the entire estate, real and personal, blended into one mass, to the person made executrix, whose duty it will be, as executrix, to pay the legacies, and whose right it will be, as devisee, to take only what shall remain after such payment. That the devise to Mrs. Openheimer was for life only can not affect this, since the devise to others

was only of what should be left at her death of that which was so devised to her.

II. The further holding of the District Court and of the Court of Civil Appeals, that Hancock and Thompson have power, as trustees, to sell property for the purpose of paying debts and legacies is not supported by the provisions of the will. We should state that, following the fourth clause, are other provisions which direct the course the property is to take in the case of the marriage, motherhood and death of Eugenia Haldeman, in which case her children are to succeed to her rights and the trustees are to continue to act for them; and also for the case of her death without issue, upon the happening of which event the property is to be sold and the proceeds divided among the named beneficiaries. She still lives and is married. Another provision is for the purchase of a home for her should she desire it; and the only remaining provision authorizes one of the trustees, on the death of the other to appoint a successor, which power has been exercised by Hancock in the appointment of Thompson upon the death of Adoue. These trustees are not executors of the will nor legal representatives of the estate. The will makes no provision for a successor to Mrs. Openheimer in that capacity. It appoints Adoue and Hancock, not as executors to administer the estate, but as trustees to manage the property for Eugenia Haldeman. The purpose of the trusteeship and the mode of its performance are defined in clause four, the meaning of which, although not methodically expressed, is sufficiently clear. The purpose they are to carry out is to raise an income from the property, in interest, rents, or revenues, which is to be paid to the named beneficiaries. The only power of sale there given is to be exercised for the purpose of converting the property sold into a fund to be invested as directed. The trust is expressly declared to be for the benefit of Eugenia Haldeman. It can not be expanded into one for the further administration of the testator's estate. Doubtless he contemplated the completion of the administration by the executrix appointed so that the trustees could take what she left freed from the necessity of further administration, and that expectation was disappointed by her death. But he made no provision for further administration. The trustees can not be regarded as executors because of the express declaration that they are to be trustees for Eugenia Haldeman to carry out the defined purpose to which their powers are confined. The power to sell property of an estate for the payment of debts and legacies is one which appertains to a legal representative of that estate and not to a trustee for the devisee of the will. It can not be implied as among those granted by the will to such trustees as these because it is not one of their duties to pay debts and legacies. It is suggested, however, that this devise is to the trustees themselves of the legal title and that, as incidental thereto, they have the right which any devisee or owner would have to pay off incumbrances on the property and to sell it for such purpose. The owner of property, whether by devise or otherwise, certainly has the right to pay off incumbrances on it, and, as his power over it is uncontrolled, he can sell it for such a purpose. It does not follow that

trustees like these have the right to exercise such discretion as would be involved in making such sales. They have not the full power of an owner, but only such as the will gives them; and the only powers of sale given by this will ·are given for purposes therein defined, among which are not those here claimed. It may be that it· would be better for all concerned if the power existed, but the principle which confines trustees to the exercise of powers conferred in the instrument constituting them is too important to allow a disregard or a loose application of it to meet the exigencies of particular cases. Of course what we say upon this question has no reference to ·the payment of charges arising against the estate while in the hands of the trustees.

The judgment will therefore be modified so as to deny to the trustees the power of sale claimed and will be otherwise affirmed. The costs will be adjudged to be paid by the trustees out of the estate in their hands.

*Reformed and affirmed.*