## LONG v. LONG et al.
### No. 11261.

Court of Civil Appeals of Texas.
San Antonio.

March 3, 1943.

Rehearing Denied March 31, 1943.

H. S. Groesbeeck, of San Antonio, for appellant.

H. S. Piland and Hal Browne, both of San Antonio, for appellee.

MURRAY, Justice.

This is a suit by Frank A. Long suing as independent executor of the will and estate of Wm. J. Long, deceased, in which he asks for a construction of this will in two respects:

(a) Whether or not, under the terms of this will, this executor has power to sell land for the purpose of paying legacies.

(b) Whether or not, under the terms of the will, this executor can make any authorized sale of real estate independent of an order of the probate court of Bexar County, Texas.

The entire will of Wm. J. Long is as follows:

"I,—W. J. Long—being of sound mind— do will and bequeath to my beloved nephews —Peter E. Long—Joe M. Long—$500.00 —each; to my beloved nieces—Catherine

Cecil and Ruth Elsie Sawyer the sum of $500.00 each; To my beloved niece—Mrs. Helen Wisemann of 1222 Sunset Boulevard, Richmond Heights, St. Louis, Missouri—$1000.00; to my beloved nephew—Frank C. Mead of same address—$2000.00—$1000.00 of which will be in trust to Frank C. Mead, for Will Mead—his brother; $1000.00 to Josephine Maldonado—daughter of my faithful housekeeper, Mrs. Emma Maldanado; $1000.00 to my beloved nephew—F. A. Long, $500.00 to my nephew by marriage Eddie D. Cecil; $1.00 each to my brother P. H. Long and his daughter—Maud M. Ives; and I bequeath to my faithful housekeeper, Mrs. Emma Maldanado—$30.00 each month till the estate is closed; I also bequeath to Mrs. Peggie Renno of Corpus Christi, and Mrs. Stella Fitzgerald of Houston the sum of $500.00 each and I name my nephew Frank A. Long as my executor without bond or any legal requirements. If at my death J. M. Dacus has not been able to pay the note against his home—I wish my executor to give him a release of his note and Deed of Trust.

"W. J. Long"

The trial was before the court without the intervention of a jury. The trial court decided that the real estate belonging to the estate is subject to sale to satisfy the legacies and that the independent executor possesses such power of sale without resort to the probate court.

From this judgment the defendant P. H. Long alone has prosecuted this appeal.

■ We are of the opinion that the construction placed upon the will by the trial court is correct. It is not clear from a mere reading of the will whether or not it was the intention of the testator to have real estate belonging to his estate sold to pay the legacies made in the will, it therefore becomes necessary to consider all the surrounding facts and circumstances to determine the intention of the testator in this respect. It is agreed that the estate owned by W. J. Long at the time he wrote his will consisted of personal property of the value of $2,021.75, and real estate of the value of $16,400, and that the condition of the estate did not change between the time of the writing of the will and the time of testator's death. The cash legacies in the will amounted to more than $7,500. There were no residuary legatees named in the will, so, as to any part of his estate not disposed of by such cash legacies, W. J.

Long died intestate, in effect. It is therefore clear that only a small percentage of the cash legacies could be paid without selling some of the real estate and applying the proceeds to the payment of cash legacies.

■ Under such circumstances it is clear that the testator intended that the cash legacies made by him should be a charge against the real estate composing the greater part of his estate.

Of course, if the real property or even the personal property had been specifically bequeathed to some third person then and in that event it could not be applied to the payment of cash bequests. Briant v. McGown, Tex.Civ.App., 15 S.W.2d 1110.

■ The correct rule is well stated in Ellet v. McCord, Tex.Civ.App., 41 S.W.2d 110, 114, as follows: "Hence the Courts have always considered as of almost controlling importance on the question of the testator's intent the fact whether or not when he made his will his personal estate was sufficient to pay in full or in part the legacies therein expressed; for, as was frequently argued, if, when he made the will and specified the legacies, he knew that he had not sufficient personal property to pay them, he should be deemed to have intended to subject his residuary real estate to the burden of payment, or otherwise he must be deemed to have made his will a mere trick upon the legatees." See also Haldeman v. Openheimer, 103 Tex. 275, 126 S.W. 566.

■■ The will nowhere calls the executor an "independent executor," but it expressly provides that he is appointed "without bond or any legal requirements." The obvious effect of that language was to create F. A. Long as an "Independent Executor" of his will and the trial court properly so held. Appellant contends that an independent executor cannot sell real estate unless expressly given such authority by the will. We overrule this contention. The law is well settled that an independent executor possesses all the authority and power that in other administrations could be conferred by the probate court. Gaines v. First State Bank, Tex.Civ.App. 28 S.W. 2d 297; Carleton v. Goebler, 94 Tex. 93, 58 S.W. 829; 13 Tex.Jur. 772.

Under all the facts herein the trial judge could not have properly rendered any other judgment than the one rendered.

The judgment is affirmed.

On Motion for Rehearing.

We were in error in stating that the trial was before the court without the intervention of a jury. The trial began as a trial before a jury but the jury was discharged and the case decided by the court without the aid of a jury. Appellant presents four points, but neither of these points presents any complaint relating to the discharge of the jury; therefore, our misstatement was immaterial.

We have carefully considered appellant's motion for a rehearing and same is in all things overruled.