## In re DULIN'S ESTATE.

### No. 12334.

Court of Civil Appeals of Texas. Galveston.

Nov. 29, 1951.

John L. Camp, Houston, for appellant.

GRAVES, Justice.

This cause, having been uncontested and unilaterally tried in the Probate Court, where it originated, as well as in the District Court, to which it was appealed, involves solely the question of whether the provisions of the will of Marjory Estelle Dulin, deceased, are, as a matter-of-law, sufficient, or insufficient, to entitle her mother, Mrs. Martha B. Dulin, as devisee, to letters-testamentary, as also independent executrix of her daughter's will.

Both the Probate Court and District Court admitted the will to probate, but each, in turn, decreed, contrary to the contentions of appellant, that the provisions of the will were legally insufficient for the appointment of an independent executrix, ordered that letters-testamentary as independent executrix be not issued to appellant, and appointed her, without bond, executrix of the estate, but subject to the further jurisdiction and control of the Probate Court.

The appealed-from judgment of the District Court, first, thus sets out verbatim the will in issue:

"March 11, 1945

"I, Marjory Estelle Dulin, being of sound mind, do hereby will and bequeath all my possessions, both real and personal, to my mother, Martha B. Dulin, said Martha B. Dulin to be Independent Executrix without Bond.

"In the event that my mother, Martha B. Dulin, should be deceased before my death, I will and bequeath all my possession, both real and personal, to my cousin, Ruby Hopson Bone (Mrs. Henry Bone), said Ruby Hopson Bone to be Independent Executrix without bond.

"Signed this 11th day of March, 1945.

Marjory Estelle Dulin."

"Witness 3–11–45
Donald O. Eull
Rommie Eull"

It then decrees, as follows:

(6)

"That the instrument above copied was the last will of Marjory Estelle Dulin; that the testatrix at the time of executing said will was a spinster over the age of twenty-one years; was of sound mind; and died on September 5, 1948, at Houston in Harris County, Texas, of which she was a resident at and for long prior to her death; that such testatrix executed such will with the formalities and solemnities and under the circumstances required by law to make it a valid will; that said will and signature thereto are wholly in the handwriting of the said Marjory Estelle Dulin; that the same has not been revoked by such testatrix and that it is entitled to probate and is hereby admitted to probate and record as the last will of Marjory Estelle Dulin, deceased.

(7)

"That Martha B. Dulin was named in said will as 'Independent Executrix without bond'; that although she is approximately 84 years of age she is of sound mind and is not disqualified from accepting letters, but instead is entitled to letters, and without bond.

(8)

"That the provisions of the will of Marjory Estelle Dulin, deceased, wherein it appoints Martha B. Dulin, testatrix's mother and sole devisee, 'Independent Executrix without bond' is as a matter of law insufficient for the appointment of an independent executrix, and insufficient to entitle the said Martha B. Dulin to letters testamentary as Independent Executrix; and for such reason it is ordered, adjudged and decreed that the application of Martha B. Dulin for letters testamentary as Independent Executrix, is hereby denied, but the said Martha B. Dulin is hereby appointed without bond Executrix of the Estate of Marjory Estelle Dulin, deceased, but subject to the further jurisdiction and control of the probate court of Harris County, Texas in the administration of said estate."

The trial court's judgment is held to have been erroneous.

Our statute on this precise subject, R.S. Article 3436, provides as follows: "Any person capable of making a will may so provide in his will that no other action shall be had in the county court in relation to the settlement of his estate than the probating and recording of his will, and the re-

turn of an inventory, appraisement and lists of claims of his estate."

Moreover, the court's quoted findings-of-fact, in every essential respect, qualified the appellant as being a person fully sui juris, despite her stated 84 years of age. Even Moses, the man of God of Old, in his prayers for his people, recognized that, "by reason of strength" * * * "the days of their years" might be increased from three-score and ten to fourscore.

Article 3436 contains no requirement that the will dispense with the giving of a bond by an executor, in order to create an independent executorship. Accordingly, wills wherein a bond is required of the executor are held to create an independent administration, where the language is otherwise sufficient, as in Stephens v. Dennis, Tex.Civ.App., 72 S.W.2d 630, 632 (writ refused), and in John Hancock Mutual Life Insurance Co. v. Duval, Tex.Civ.App., 96 S.W.2d 740, 742 (writ refused); conversely, the direction in a will that no bond be required of the executor is not, in itself, sufficient to withdraw the estate from the control of the probate court, as was held in Gray v. Russell, 41 Tex.Civ.App. 526, 91 S.W. 235. It, therefore, seems to follow that the provision in Miss Dulin's will relieving her mother from executing a bond is not determinative of the right of Mrs. Dulin to act as an independent executrix.

Neither was there any ambiguity in this will; wherefore, it would seem that a plain statutory right was denied to a person, shown to have been in every essential respect qualified to become the beneficiary of it.

Indeed, our courts, in construing the statute, have held that the inclusion of its provisions in a will creates what is designated as an "Independent Executorship"; Ellis v. Mabry, 25 Tex.Civ.App. 164, 60 S.W. 571, 572; Frame v. Whitaker, Tex.Civ.App., 7 S.W.2d 140, 142.

Nor is it essential to that result that the exact words of the statute be used in the will. Long v. Long, Tex.Civ.App., 169 S.W.2d 763, (writ refused); Pierce v. Wallace, 48 Tex. 399; Yeager v. Bradley, Tex. Civ.App., 246 S.W. 688, 689 (writ refused); and Epperson v. Reeves, 35 Tex.Civ.App. 167, 79 S.W. 845, 846 (writ refused).

Finally, the term "Independent Executrix" has a clear, definite and well-settled meaning, in this State. It means an executrix, who is entitled to administer an estate free of the control of the probate court. That this is so, is established by the cited holdings in Ellis v. Mabry, Frame v. Whitaker, and Epperson v. Reeves, supra, Hutcherson v. Hutcherson et al., Tex.Civ. App., 135 S.W.2d 757; and Griggs v. Brewster, 122 Tex. 588, 62 S.W.2d 980, 982; Cocke v. Smith, 142 Tex. 396, 400, 179 S. W.2d 954; Journeay v. Shook, 105 Tex. 551, 556, 152 S.W. 809.

The wisdom of the courts—however impeccably conceived—may not be, even under our system of blended law and equity, substituted for the plainly expressed intention of the Legislature. 34 Texas Digest, Statutes VI, ⬅176, 180–181(1), McMahan v. McMahan, Tex.Civ.App., 175 S. W. 157, and Journeay v. Shook, 105 Tex. 551, 556, 152 S.W. 809 (error refused).

These conclusions require that the judgment of the trial court, in so far as it denies to appellant the right to administer the estate of Marjory Estelle Dulin as an independent executrix, free of the control of the probate court, and that letters testamentary as an independent executrix be not issued to her, be reversed, and that judgment be here rendered sustaining her right to act as independent executrix of the estate of Marjory Estelle Dulin, free of the control of the probate court; that in other respects, the judgment below be affirmed.

It will be so ordered.

Affirmed in part, reversed and rendered in part.