## ISABELLA VELA V. TERREBIO GUERRA.

### No. 2765.

1. **Wrongfully Suing Out Sequestration.**—In reconvention, defendant asked damages for the wrongful seizure of personal property under writ of sequestration sued out at instance of the plaintiffs. Damages were claimed upon the ground that the plaintiffs' affidavit by which they obtained the writ was false, it being that they feared defendant would injure, waste, destroy, or remove the property, etc. *Held*, that the court should have informed the jury upon what state of facts they should find that the writ was wrongfully sued out. The testimony contradicting the affidavit for sequestration, the failure to so instruct the jury probably was injurious. The defendant had asked a charge upon the subject.

2. **Surviving Widow—Community Debts.**—The husband dying intestate, the widow not qualifying as survivor of the community, the creditor could compel administration. His suit against the widow, without showing that there were no surviving children of the marriage, or that she had qualified, could not be maintained if resisted. The mere possession by the widow did not authorize suit against her by a creditor of the community as executrix *de son tort* under our law.

ERROR from Duval. Tried below before Hon. J. C. Russell. The opinion states the case.

*Lewis P. Bryant*, for plaintiff in error.

No brief for defendant in error has reached the Reporter.

GAINES, ASSOCIATE JUSTICE.—One Ynes Vela executed to Terrebio Guerra & Brother, a firm composed of appellee and one Antonio Guerra, his written promise to pay them the sum of $851.53, and to secure the obligation in the same instrument gave them a lien upon his ranch and all personal property thereon. Vela died very soon after the instrument was executed, leaving his wife, the appellant, surviving him. The debt having matured and not being paid, Guerra & Brother brought suit to recover it against the surviving widow, and sued out a writ of sequestration against certain sheep, goats, horses, and cattle, alleged to be subject to the mortgage. By virtue of the writ the sheriff took into his possession 1000 sheep, 140 goats, and eight cows. Before the trial an amended petition was filed, in which it was averred that the property was sold by order of the court for the sum of $453.60, and that the net proceeds, amounting to the sum of $265.38, were deposited in court to await the determination of the suit. It was also alleged that Antonio Guerra had died, and the suit proceeded in the name of appellant as surviving partner of the firm.

After other answers, the defendant pleaded that the writ of sequestration was wrongfully and maliciously sued out, and prayed for damages actual and exemplary. The assignments of error relate only to the issues made by the plea in reconvention.

The ground for the writ of sequestration was that plaintiff feared that the defendant would injure, waste, or destroy the property, or remove it out of the county. Appellee upon the trial, among other things, testified as follows: "I do not know of any attempt of the defendant to sell the property. * * * I did not want to wait until letters of administration would issue, because she might waste or destroy the property. After this suit in sequestration defendant sold some horses. I had no reason to fear that defendant would dispose of, destroy, waste, or injure the property levied upon, nor any reason to believe that she would remove it out of the county."

The defendant testified that the sheep sequestered were worth at the time of the seizure one dollar per head, the goats one dollar per head, and the cows fifteen dollars each, and that she "never attempted to sell, remove, injure, or waste the property levied upon."

The court charged the jury, in substance, that if the writ of sequestration was wrongfully issued, and defendant was thereby damaged, they should give her a verdict for her actual damages; and that if they further found that the writ was also "sued out maliciously, without probable cause and with intent to injure defendant," they might also give exemplary damages. They were not told under what state of facts they should find that the writ had wrongfully issued. The defendant, however, requested the court to give the following instruction: "The jury are instructed that they are not to consider whether or not the note in this case was due and unpaid to determine whether or not there was probable cause to issue the writ of sequestration in this case. The indebtedness itself was no ground to sequester the property of Ynes Vela, deceased."

The charge given by the court was defective, and the court should have given any proper instruction which supplied its defects. The defendant pleaded *non est factum* to the writing sued upon, and in her plea in reconvention denied all the facts alleged in the affidavit made in order to procure the writ. The defendant, however, had the right, if she saw fit, to waive the issue as to the justness of the debt so far as it affected the question of the wrongful issue of the writ. We presume the object of the instruction requested by her was to inform the jury that although they might find for plaintiff upon the question of the existence of the debt, yet they should find that the sequestration was wrongfully issued if they should believe from the evidence that the plaintiff when he procured the writ did not fear that the defendant would injure, waste, destroy, or remove the property from the county.

This is correct as a legal proposition, and we think the instruction should have been given. It would have virtually told the jury that the mere existence of the debt did not authorize a sequestration, and would have aided the jury in arriving at a proper verdict. It would have been better than no charge at all as to what facts were necessary to be proved

in order to show that the writ was wrongfully issued. It is difficult to resist the conclusion that if the jury had been properly charged the verdict would have been different. The plaintiff testified that he did not fear that defendant would injure, waste, destroy, or remove the property, as he swore in his affidavit in order to procure the writ, and it is clear that the defendant was damaged by the seizure. There has been realized from the property only $265.38. The defendant testified that its value was $1260. It sold at the sheriff's sale for $453.60. If the sequestration was wrongfully issued defendant has suffered actual damage to the amount at least of the value of the property, less the net proceeds of the sheriff's sale. The verdict of the jury was contrary to the evidence.

The judgment must be reversed and the cause remanded.

There has been no question made in this court as to the propriety of bringing this suit directly against the surviving widow of the deceased to enforce the payment of the debt. If Ynes Vela left no children the suit was properly brought against the defendant. Rev. Stats., art. 2165. But otherwise not. The plaintiff could have caused letters of administration to issue upon the defendant's failure to qualify as surviving widow. If she had qualified as surviving widow so as to administer the community estate, then this suit may have been properly brought (Rev. Stats., arts. 2172–2181), but the petition alleges that such is not the fact, and we could not pass upon that question. It is alleged that she had taken possession of the community property, and was controlling and managing it. But this did not give jurisdiction. One who has taken charge of the property of a decedent can not be sued as an executor *de son tort* under our law.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered January 17, 1890.