GEORGE M. PATTEN, EXECUTOR, ET AL. V. JOHN P. COX ET AL.

No. 591.

1. Independent Executor—Duty to File Inventory, etc.—Where a will provides, that the executor shall be "exempt from the control of the Probate Court after this, my will, shall have been admitted to probate, and he shall not be required to give any bond," this does not exempt him from the duty of returning an inventory, appraisement, and list of claims, as provided in article 1942 of the Revised Statutes.

2. Same—Power of Executor to Sue.—A failure to return an inventory, appraisement, and list of claims does not destroy the right and power of an independent executor appointed by will to act as such, and will not avail, in a collateral suit, to defeat his legal capacity to sue in behalf of the estate.

ERROR from Hill. Tried below before Hon. J. M. HALL.

*Robertson & Davis*, for plaintiffs in error.—1. In Texas the County Courts are courts of probate, and have jurisdiction of the probate of wills and appointment of executors and administrators, and their orders

and judgments probating wills and appointing and qualifying executors of an estate can not be collaterally impeached, because, however erroneous they may be, they are not void. Withers v. Patterson, 27 Texas, 492; Gillenwaters v. Scott, 62 Texas, 673; Martin v. Robinson, 67 Texas, 368.

2. If the inventory of the property of the estate was never in fact filed, and the Probate Court having jurisdiction to require it to be filed failed to require it, the beneficiaries under the will can not be deprived of their property when it is sued for by the executor, by an objection raised by a trespasser on the same, that he has no capacity to sue, because the executor has not filed an inventory. Campbell, Trustee, v. Cox, 1 W & W. C. C., sec. 526; Willis v. Furguson, 46 Texas, 496; Cooper v. Horner, 62 Texas, 356-364.

*McKinnon & Carlton* and *Herring & Kelley*, for defendants in error.

The County Court derives its authority from statutory provisions, and it has no power to grant letters testamentary to an executor to administer an estate out of court, and independent of it, except under a will the provisions of which conform to the requirements of the statute regulating independent administrations; that is, the will itself must provide, or show, "that it was the intention of the testator that no other action should be had in the courts in relation to the settlement of the estate than the probate and registration of the will, and the return of an inventory of the estate." If these clauses are omitted from the will, the court has no power to order the estate to be administered out of court. Rev. Stats., art. 1942; Pierce v. Wallace, 48 Texas, 401; Homes v. Johns, 56 Texas, 51; Langley v. Harris, 23 Texas, 564, 565; Henderson v. Van Hook, 25 Texas Supp., 455; Withers v. Patterson, 27 Texas, 497.

FINLEY, ASSOCIATE JUSTICE.—This was an action in the District Court of Hill County by George M. Patten, executor of Martha A. Patten, deceased, against John P. Cox, sheriff of Hill County, and his official bondsmen, John D. Warren, Henry M. Long, and D. M. Mathews, for $4000 damages for the conversion of property by John P. Cox, sheriff, belonging to the estate of Martha A. Patten, deceased. Plaintiff alleges that he was in possession of said property as executor, and that it belonged to the estate of his testatrix in his hands, in due course of administration, and that said Cox, as sheriff, by virtue of an execution in his hands against George W. Patton and Nathan Patten, in favor of Herring & Kelley, levied on said property belonging to his testatrix, and sold the same. Plaintiff, executor, sued for the value of said property, and filed with his petition a certified copy of the will of Martha A. Patton, as an exhibit, by which he was made executor of her estate. Plaintiff also filed with his petition a certified copy of the execution and return under which Sheriff Cox sold the property, as an exhibit.

Defendant Cox and his bondsmen answered by general denial, and especially, that he sold said property by virtue of the execution, filed with plaintiff's petition, and that said property at the time of its seizure belonged to defendants in execution; and further answered by saying, that he seized the property and sold the same at the request of Herring & Kelley, plaintiffs in execution against Nathan and George W. Patten, and asked that Herring & Kelley be made parties to defend the suit.

Herring & Kelley, a firm composed of M. D Herring and D. A. Kelley, made themselves parties defendants, and answering, pleaded, (1) that plaintiff's petition is insufficient in law, for the reason that plaintiff appears to bring this suit as an independent executor, when, by the terms of the pretended will attached as an exhibit to his petition, he is exempted from filing an inventory, which the law does not contemplate nor permit; wherefore these defendants say, that the plaintiff herein has no legal capacity to sue as executor of the estate of Martha A. Patten."

And they "further say, that they are informed and believe, and so believing, they allege the fact to be, that the plaintiff herein has never filed any bond or inventory as executor of the estate of Martha A. Patten, deceased. As the papers attached to the plaintiff's petition purporting to be the will of Martha A. Patten, deceased, do not require the plaintiff to file an inventory of the estate in order that he may become an independent executor, according to the provisions of the statute, but design to exempt him ᐧfrom so doing, these defendants say, that in law the plaintiff is not the executor of said estate, and has no legal capacity to sue as such." The foregoing plea of Herring & Kelley was subscribed and sworn to by D. A. Kelley.

They further answered by general denial and not guilty; and answered specially, that the property levied on by Sheriff Cox was the property of George W. and Nathan Patten, and subject to execution; and that if Martha A. Patten ever held said property, she held it in trust for the use and benefit of George W. and Nathan Patten, and that it was their property.

Plaintiff George M. Patten, executor, replied to the answer of Herring & Kelley by exceptions to so much of said answer as seeks to call in question the right of this plaintiff to bring this action, because such plea seeks to make a collateral attack upon a judgment of the County Court of Hill County, rendered in a cause of which said court had jurisdiction; and replied to other points in said answer not necessary to the matters now before us on writ of error.

The cause was heard on the exception of Herring & Kelley to the legal capacity of the plaintiff to sue as executor of the estate of Martha A. Patten, deceased, and on the special plea of Herring & Kelley, and the court entered judgment that the plaintiff had no legal capacity to sue as such executor, and in favor of all the defendants, and adjudged costs against George M. Patten, executor, and M. M. Patten and George

A. O'Brien.  A motion for new trial was made and by the court over-
ruled, and the cause is brought to this court by writ of error.

*Opinion.*—No statement of facts or bill of exceptions is contained in
the record, and the sole question for our consideration is the correct-
ness of the judgment of the court, in the light of the record as it exists,
adjudging that the plaintiff had not legal capacity to sue.

The question is sought to be raised by the first assignment of error,
complaining that the court did not sustain the exceptions of the plaint-
iff George M. Patten to so much of the answer of defendants Herring
& Kelley as sought to bring in question the authority of plaintiff to
maintain this action.    This assignment can not be considered, because
it does not appear from the record that the court passed upon the ex-
ception.    It has been often announced, that where the record fails to
show that the trial court acted upon exceptions, the appellate court
will treat them as waived, and refuse to consider questions raised by
them.

The special exception and verified plea of Herring & Kelley, at-
tacking the legal capacity of the plaintiff to sue, which were consid-
ered together and sustained by the court after hearing evidence, set
out the grounds, or facts upon which they are based.    In the absence
of a statement of facts or a bill of exceptions disclosing the facts upon
which the court acted, it is our duty to presume that the facts alleged
as the basis of the plea were fully established by proof; and if the facts
alleged are legally sufficient to form the basis of the judgment, it should
be sustained by this court.    It is just to the trial court that we should
assume that its judgment is based upon the issues as made by the
pleadings of the parties, and that the evidence heard and considered
was legally pertinent to the issues thus made.

Under proper assignments of error, the question is presented to us,
whether the facts alleged as showing that the plaintiff did not have
legal capacity to sue are legally sufficient to establish such incapacity.
The proposition is based upon the following grounds:

"1.    That plaintiff appears to bring this suit as an independent ex-
ecutor, when by the terms of the pretended will, attached as an ex-
hibit to his petition, he is exempted from filing an inventory, which
the law does not contemplate nor permit; wherefore, these defendants
say that plaintiff herein has no legal capacity to sue as executor of
the estate of Martha A. Patten."

That portion of the will here referred to is in the following lan-
guage:   "And it is my desire, so long as my said executor shall carry
out the provisions of this my will, he, the said executor, shall be ex-
empted from the control of the Probate Court after this my will shall
have been admitted to probate, and that my said executor shall not be
required to enter into any bond whatever so long as he shall continue
to execute my wishes as the same are hereinafter expressed."

"2. They allege the fact to be, that the plaintiff herein has never filed any bond or inventory as executor of the estate of Martha A. Patten, deceased."

The probate of the will and the acceptance of the executorship thereunder are not denied.

It is contended, first, that the will is of such a character that it can not legally be executed by an independent executor. This contention is based upon the idea that the will fails to provide for, and in fact prohibits, the filing of an inventory of the estate, and for that reason is not such a will as is permitted under our statutes to be executed outside of the Probate Court.

Article 1942, Sayles' Statutes, provides: "Any person capable of making a will may so provide in his will that no other action shall be had in the County Court in relation to the settlement of his estate than the probating and recording of his will, and the return of an inventory, appraisement, and list of claims of his estate." The effect of this statute is to require of executors in every instance the probating and recording of the will, and the return of an inventory, appraisement, and list of the claims of the estate; and to empower the testator, by so providing in the will, to exempt his estate from any other proceeding in the County Court. It is a grant of power to a testator to exempt his estate from administration in the County Court, within fixed limits. Under the statute, the will must provide for such exemption from the control of the County Court, but it can not dispense with the particular proceedings named in the statute. A will which nominates the executor, and expresses the desire that the estate shall be administered without the control of the Probate Court, is such a will as is contemplated by the statute, and may be independently administered, except as to the special proceedings named in the statute. It is not necessary for the will to expressly direct that such special statutory proceedings should be had; the law directs this for the testator, and requires it of the executor. If the will undertook to dispense with such proceedings, that provision of the will would come in conflict with the statute, and would have to yield to the force of the statute; but such provision in the will would not prevent or destroy the right of independent administration within the statutory limitations.

We do not think, however, that a fair construction of the will under consideration leads to the conclusions that it was the intention of the testatrix to exempt the executor from the statutory requirements.

It is an established rule of construction, that the provisions of a will shall be given that meaning which will harmonize with the requirements of law, if this can be done without violence to the expressed intention of the testator. The will under consideration provides, that "the said executor shall be exempted from the control of the Probate Court after this my last will shall have been admitted to probate, and that my said executor shall not be required to enter into any bond," etc. The will does not in terms provide that the requirements of the statute

shall not be complied with; and we do not think it inconsistent with the expression of the testator to construe the language to mean, that the estate should be administered independently of the County Court, after the preliminary requirements of the statute had been complied with.   In Pierce v. Wallace, 48 Texas, 399, the will there under consideration used this language: "I wish my estate to be kept out of the Probate Court."   In construing this provision of the will, Mr. Moore, Associate Justice, speaking for the court, said: "The language of the will is not in literal conformity with this section of the statute, but evidently it is the same in substance and effect.  No other inference can be drawn from the will than that it was the intention of the testator that no other action should be had in the County Court in relation to the settlement of his estate than the probate and registration of his will, and the return of an inventory of his estate.   Under this will the jurisdiction of the County Court over the estate was limited to the completion of these special matters," etc.

So far as the will itself is concerned, then, it is of the character contemplated by the statute, and an independent administration of the estate thereunder is authorized.

It is also urged, that because the executor had not complied with the terms of the statute he was not legally qualified to act in the capacity of executor.   Under the statute, an executor named in a will is not required to take the oath of office and obtain letters testamentary before he is qualified to act.   He derives his authority from the will itself, and his acceptance of the trust, where no bond is required by the will, renders him competent to act, after the probate of the will.   If the independent executor fails to file an inventory, appraisement, and list of claims of the estate, he may be compelled by the County Court to perform such statutory duty.   But the failure of the independent executor to discharge this duty does not destroy his legal character as executor, or prevent him from suing, as such, to recover property of the estate, or damages for the wrongful taking thereof.   His legal capacity can not be successfully attacked by a stranger to the estate, in a collateral proceeding, by showing that he has not performed all his duties as executor required by the statute.   Willis v. Ferguson, 46 Texas, 496; Cooper v. Horner, 62 Texas, 356–364; Campbell v. Cox, 1 W. & W. C. C., sec. 526.

The court erred in holding that the plaintiff had not legal capacity to sue, and for this reason the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered December 19, 1894.