### WARNE v. JACKSON et al. (No. 6537.)

(Court of Civil Appeals of Texas. San Antonio. April 13, 1921.)

1. Appeal and error ⟨⟩74—Order fixing capacity of contestants to contest will not appealable.

Order of district court, fixing the capacity of contestants to contest the probate of a will, on appeal from order of county court denying probate of will, *held* not appealable, being an interlocutory order to be passed on in an appeal from the final judgment.

2. Appeal and error ⟨⟩374(2)—Statute exempting "executor" from giving bond held not applicable to independent executor.

Person named as independent executor in instrument offered as will, was not exempt from giving bond, on appeal from county to district court from order denying probate, under Rev. St. art. 3633, providing that no bond shall be required on such an appeal from "executor or administrator"; such person not being the executor until the will is probated.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Executor.]

3. Wills ⟨⟩205—Provision of will not effective until will is probated.

Provision in will that no other action shall be had in the county court in relation to the settlement of the testator's estate than the probating and recording of his will and the return of an inventory, appraisement and lists of claims, is ineffective until the will is probated as required by law.

4. Executors and administrators ⟨⟩538—No executor de son tort in Texas.

An executor de son tort does not exist under Texas law.

5. Appeal and error ⟨⟩373(1)—Appeal bond, where required by statute, is jurisdictional.

Where an appeal bond is required by statute, it is a jurisdictional matter, and a judgment without such bond having been given is a nullity.

6. Appeal and error ⟨⟩1082(2)—Want of district court's jurisdiction on appeal from county court can be raised in appellate court.

The question of district court's want of jurisdiction on appeal from the county court can be raised in the appellate court on appeal from the district court.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Proceeding to probate will of John L. Jackson, deceased, by George B. Warne, contested by Robert I. Jackson and another. From an order of county court denying probate, proponent appealed to the district court, and from judgment of district court, adjudging contestants qualified to contest probate, and from a judgment denying probate of the will, the proponent separately appeals. Cause dismissed.

Wm. F. Robertson and Etheridge, McCormick & Bromberg, all of Dallas, for appellant.

McLean, Scott & McLean, B. F. Bouldin, David Greines, Capps, Cantey, Hanger & Short, and Baskin & Eastus, all of Fort Worth, for appellees.

FLY, C. J. Appellant as the executor named in a certain will purporting to be that of John L. Jackson, deceased, sought to probate the same in the county court of Tarrant county. The probate of the will was contested by Robert I. Jackson and Sarah A. Jackson, the first claiming to be a son of the testator and the latter his widow. The county court sustained the contest, and denied probate of the will. From that order an appeal was taken by appellant to the district court, where it was alleged by appellant that appellees had no right or authority to contest the will because the said Sarah A. Jackson was not the lawful wife of the testator, nor was Robert I. Jackson his legitimate son. That issue was tried before entering into a consideration of the contest of the will, and upon the verdict of a jury judgment was rendered that appellees were the lawful wife and legitimate son of the testator and, as such, capacitated to contest probate of the will. Appellant gave notice of appeal from that judgment, and has filed a separate transcript of the record and separate statement of facts from the appeal which was perfected from a judgment denying probate of the will. The two cases have been filed and docketed as though two separate cases and separate briefs have been filed.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Appellant had no right or authority to appeal from the order fixing the capacity of the appellees to sue, because it was merely an interlocutory order in the cause to be passed on in an appeal from the final judgment, just as any other order made by the court during the trial. The endeavor to perfect two appeals has accomplished no good end, but merely complicates and obscures matters and adds to the heavy cost in the case. If orders on pleas in abatement and other pleadings are to constitute judgments from which appeals may be prosecuted, inextricable confusion and possible bankruptcy of litigants would result. The law permits appeals from interlocutory orders in very few cases, which are specially mentioned, such as in orders on temporary injunctions, pleas of privilege and receiverships. To add to the confusion of two appeals in the same case by the same person, some of the briefs of appellant have one style of case on them and some another.

In the main briefs in each of the appeals as well as in supplemental briefs, appellant places himself in the anomalous position of seeking to dismiss his own appeal because he failed to give an appeal bond from the county to the district court. Why this is done and what is to be accomplished by it in favor of appellant is not apparent. The record shows that no appeal bond was given from the county court to the district court, and appellant is insisting that the district court had no jurisdiction of the cause, and it will necessarily follow that if the district court had no jurisdiction of the cause the judgment of the county court, denying probate of the will, has not been disturbed, and is still in full force and effect, and the dismissal of this cause would be exactly what appellees are seeking to obtain. However, to add to the complexity of the situation, appellees are contending strenuously that appellant did effect his appeal to the district court without giving an appeal bond. However, whatever may be the reason, or no reason, for asking a dismissal, it is squarely before this court, and must be met.

[2] It is provided in article 3633, Revised Statutes, which applies to appeals from the county to the district court in matters relating to estates of decedents:

"When an appeal is taken by an executor or administrator, no bond shall be required, unless such appeal personally concern him, in which case he must give the bond."

It is not claimed that appellant, who is the independent executor named in the will, had any personal interest or concern in the appeal, but appellant claims that he was not an executor or administrator until made such by the probate of the will. In other words, probate of a will is absolutely required to constitute a person named in the will as executor the executor contemplated in the statute, who is not required to give an appeal bond. It is the contention of appellees that, appellant having been named as independent executor of the estate when he propounded the will for probate, that act was equivalent to an acceptance of the trust reposed in him, "and he automatically became the independent executor under the will, and was qualified to do everything incident and necessary to the probating of the will," and he had the right to appeal from the order denying probate of the will to the district court without giving an appeal bond. The following cases are cited in support of the proposition: Buttlar v. Davis, 52 Tex. 82; Perez v. Perez, 59 Tex. 324; Huddleston v. Kempner, 87 Tex. 373, 28 S. W. 936; Carlton v. Goebler, 94 Tex. 97, 58 S. W. 829; Patten v. Cox, 9 Tex. Civ. App. 309, 29 S. W. 182; Marshall v. Stubbs, 48 Tex. Civ. App. 158, 106 S. W. 435; Beversdorff v. Dienger, 107 Tex. 88, 174 S. W. 576. In every one of the cases cited, that touch on appeals by executors at all, the will had been probated, and the executor placed in charge of the property. Not one of them sustains the proposition made by appellees.

The statute has reference to executors and administrators, and no such office can be created without the sanction of a court of competent jurisdiction. In this respect the independent executor has no advantage over the ordinary executor. Each must have a probated will under which to act, and he is no executor until the court recognizes the authority under which he desires to act. The only difference between the two is that the one, after he has had his authority recognized and approved by the court, has no further restraint exercised over him, except in certain instances named in the statute, and the other is under the direct supervision and control of the court. The statute as to appeal bonds applies to one as to the other. Excerpts are copied in their briefs by appellees from Patten v. Cox, 9 Tex. Civ. App. 304, 29 S. W. 182, which they claim sustain their position, but, on the other hand, it tends to destroy their contention. The court said:

"Under the statute, an executor named in a will is not required to take the oath of office and obtain letters testamentary before he is qualified to act. He derives his authority from the will itself, and his acceptance of the trust, where no bond is required by the will, renders him competent to act, after the probate of a will."

It is undoubtedly true that the independent executor, which was the character of the one in that case, is competent to act, not merely because he is named in the will, but because the will has been probated which names him independent executor,

[3] The exemption from giving appeal bonds from the county court to the district court is confined to an executor or administrator, not to some one named in a will to be an executor or administrator, but to either of these officials recognized and approved by a court of competent jurisdiction. In law, in no other way can an executor or administrator be created except by order of a court. Any person capable of making a will may provide in his will that no other action shall be had in the county court in relation to the settlement of his estate than the probating and recording of his will, and the return of an inventory, appraisement and lists of claims of his estate. Article 3362, Rev. Stats. The will is utterly ineffective, however, without being probated as required by law. That applies alike to all wills whatever their provisions. Exemption from giving a bond as executor does not create the executorship until the statute as to probating the will is complied with. That is absolutely essential to vitalize any provision of a will. Alexander on Wills, § 1216, pp. 1886, 1887.

[4] No one has the right to take possession of the property of an estate as executor without the authority of a court. An executor de son tort does not exist under Texas law. Ansley v. Baker, 14 Tex. 607, 65 Am. Dec. 136; Vela v. Guerra, 75 Tex. 595, 12 S. W. 1127. As said in Roberts v. Stuart, 80 Tex. 379, 15 S. W. 1108, the executor derives no authority from the will itself, until after it has been probated.

It has been held that the article in regard to exemption from giving appeal bonds only extends to executors and administrators appointed as such, and that until the appointment takes place the appeal would concern the executor or administrator rather than the estate. Cox v. Paschal, 54 S. W. 774.

[5, 6] Where an appeal bond is required by statute, it is a jurisdictional matter, and a judgment without such bond having been given is a nullity. The question of want of jurisdiction for failure to file an appeal bond from the county court to the district court can be raised in the appellate court. Logan v. Gay, 99 Tex. 603, 90 S. W. 861, 92 S. W. 255. In that case the Supreme Court animadverted on the conduct of a defendant in error who voluntarily submitted to the jurisdiction of two courts and then sprung the question of no appeal bond. If such conduct was reprehensible on the part of an appellee, what should that act be denominated when it is done by the man who was appealing and seeking the aid of higher courts in his behalf? It looks very much like trifling with courts in a manner which should meet the condemnation of all desiring to uphold the dignity of the courts and the good faith of the legal profession. However, the law must be enforced, even though the party asking its enforcement has placed himself in an unenviable position.

A bond should have been executed by appellant in order to give the district court jurisdiction, and as the district court had no jurisdiction, this court has none, and the cause will be dismissed.