## AUSTIN et al. v. FIRST STATE BANK & TRUST CO. et al.   (No. 220.)*

(Court of Civil Appeals of Texas. Waco. May 7, 1925. Rehearing Denied June 18, 1925.)

**1. Husband and wife ⬳273(12)—Sale of land on foreclosure of vendor's lien held not invalid for failure to allege that there was no necessity for administration of purchaser's estate.**

Sale of land on foreclosure of vendor's lien *held* not invalid for failure to allege that there was no necessity for administration of purchaser's estate, in view of Rev. St. art. 3235, since title to property was vested in his wife and children as his heirs at law, subject to rights of creditors and administrator, if one should be appointed, and mortgagor's widow was sued as survivors, as well as his heirs, and judgment for debt was rendered against widow as survivor.

**2. Descent and distribution ⬳139—Lien creditor may sue heirs of deceased person to establish debt and to foreclose lien on property in their hands which belonged to deceased debtor in his lifetime.**

A lien creditor may sue heirs of a deceased person to establish his debt, and to foreclose a lien on property in their hands which belonged to deceased debtor in his lifetime, if such creditor alleges that there is no administration or necessity therefor on deceased's estate, notwithstanding heirs may resist such proceeding by objecting thereto, before trial of the case or rendition of judgment therein.

**3. Infants ⬳78(5)—Sale of land on foreclosure of vendor's lien not invalid because one of heirs of mortgagor was a minor without a lawful guardian and no guardian ad litem was appointed.**

Sale of land on foreclosure of vendor's lien *held* not invalid, because one of heirs of purchaser was a minor without a lawful guardian and no guardian ad litem was appointed to represent him, where only relief sought against such minor was a foreclosure of lien and he appeared in motion to set aside sale by his brother as next friend, who was a party to cross-action for affirmative relief, in suit to foreclose lien and there was no allegation that minor was not represented in such cross-action by such brother, or some other proper party as next friend.

**4. Infants ⬳78(1)—Judgment against minor without a lawful guardian and without appointment of guardian ad litem, is only voidable.**

Judgment against a minor without a lawful guardian, and without appointment of a guardian ad litem to represent him in suit in which such judgment was rendered, is not void but only voidable.

---

*Writ of error dismissed for want of jurisdiction November 4, 1925.

**5. Infants ⬤⟺105—Judgment not void, where minor defendant appears in case by next friend and asserts his rights with reference to only issues affecting his interest.**

Where a minor defendant appears by a next friend and asserts his rights with reference to the only issues affecting his interest and asks affirmative relief which if granted would defeat prayer of plaintiff, judgment rendered on trial is not void.

**6. Vendor and purchaser ⬤⟺285(2)—Judgment in suit to foreclose vendor's lien apparently disposed of all parties.**

Judgment in suit to foreclose vendor's lien against heirs of purchaser apparently disposed of all parties to the suit and was sufficient to support sale, where it was rendered against purchaser's widow as survivor for the debt and foreclosed the lien and declared that no recovery be had on cross-action by purchaser's heirs.

**7. Vendor and purchaser ⬤⟺287—Sale of land on foreclosure of vendor's lien not set aside because lands were sold for low price and attorneys representing heirs of purchaser agreed not to appeal judgment.**

Sale of land on foreclosure of vendor's lien will not be set aside on allegations that lands were sold for inadequate price, and that attorneys representing heirs of purchaser agreed with attorneys for plaintiff not to appeal the judgment, which agreement was without knowledge or consent of heirs, where nearly six months elapsed from time judgment became final before foreclosure sale was made, and it was not alleged that heirs ever instructed their attorneys to appeal from such judgment or that the latter acted fraudulently in agreeing not to prosecute an appeal.

**8. Vendor and purchaser ⬤⟺287—Sale of land on foreclosure of vendor's lien not set aside because lands were sold in bulk.**

Sale of land on foreclosure of vendor's lien would not be set aside because lands consisted of three tracts and they were sold in bulk, where it was not alleged that judgment of foreclosure directed lands to be sold in parcels, or that such sale was demanded, or that survey of land, field notes of the several parcels, and a plat showing location of same were furnished in compliance with Rev. St. art. 3754.

**9. Vendor and purchaser ⬤⟺287—Substantial compliance necessary to invoke statute as to furnishing survey of lands, field notes of several parcels, and plat showing location of same.**

If Rev St. art. 3754, as to furnishing survey of lands, field notes of several parcels, and plat showing location of same, is applicable to sales under judgment foreclosing vendor's lien on several tracts and ordering same sold as a whole, a substantial compliance with its provisions is necessary to invoke its application.

**10. Vendor and purchaser ⬤⟺285(1) — Final judgment conclusive, where not attacked until long after close of term at which it was rendered.**

Final judgment, foreclosing vendor's lien, which is attacked by motion to set aside sale long after close of term at which it was rendered, must be *held* conclusive on parties thereto, as to matters which might have been urged on appeal.

**11. Vendor and purchaser ⬤⟺287 — Motion to set aside sale of land on foreclosure of vendor's lien cannot serve purposes of an appeal.**

Motion to set aside sale of land on foreclosure of vendor's lien, made long after close of term, at which judgment of foreclosure was rendered, is not the equivalent of an equitable action to set aside the judgment, and could not be made to serve purposes of an appeal.

Appeal from District Court, McLennan County; H. M. Richey, Judge.

Suit by the First State Bank & Trust Company and others to foreclose a vendor's lien against Mattie Austin and others. Judgment for plaintiffs. From an order overruling motion to set aside sale, defendants appeal. Affirmed.

See, also, 260 S. W. 275.

James E. Yeager, of Waco, for appellants.
Spell, Naman & Penland and E. C. Canon, all of Waco, for appellees.

GALLAGHER, C. J. This is an appeal from an order of the district court of McLennan county overruling motion to set aside a sale made under order of sale issued on a judgment foreclosing a lien on certain real estate and directing the sale of the same and the application of the proceeds. Neither the pleadings of the parties in the original case nor the judgment of the court thereon are included in the transcript. No purported copies of the same, or any of the same, were attached to appellants' motion. We are therefore compelled to pass upon the issues presented in this appeal on the allegations contained in appellants' motion. These allegations are very meager, and we state the substance of the same in detail.

Appellants allege in their said motion that Dan Austin and his first wife owned as community property 132 acres of land, and used and occupied the same as a homestead; that said land was incumbered with a purchase-money lien in the sum of $1,600; that said Austin's first wife died, leaving as her heirs Addison Austin, now deceased, Laurinza Austin, Columbus Austin, Isaac Austin, Wyoma Walton, Bessie Brown, and Timothy Austin, a minor; that Dan Austin married Josephine Austin, his second wife, and that there was no child of said union; that Dan Austin became afflicted mentally and physically; that while in such condition he and his said second wife, without the consent of the heirs of his first wife, conveyed said land to his son Addison Austin; that said transfer was procured by appellee First State Bank & Trust Company and James H. Lockwood, who was alleged to be an officer of said bank; that the circumstances surrounding such transaction caused

the heirs of the first wife to believe that Dan Austin was unduly influenced and overreached and that he did not know whether he was signing a deed or a mortgage; that Addison Austin and his wife Mattie Austin, one of the appellants herein, executed notes for the purchase price of said land; that the bank took said notes and claimed to have paid off said prior lien and to have also paid other community debts; that shortly thereafter Dan Austin died; that Addison Austin also died, leaving Mattie Austin, his wife, and Leslie Austin, Mattie Austin, Jr., Theodric Austin, Isaac Austin, Jr., Dero Austin, and Fannie Austin Hicks, a married daughter, his children surviving him; that said bank brought said original suit on said notes given by Addison Austin and wife for the purchase of said land, and made all of the above-named parties and other parties defendants; that there was no guardian ad litem appointed for Timothy Austin; that the heirs of Dan Austin's first wife defended against the said suit and filed a cross-action. Neither the nature of said cross-action nor its contents were stated.

Appellants further allege that said original suit herein was against Mattie Austin in person and as surviving widow, and against the children of Addison Austin and the other appellants herein for recovery on said notes and to foreclose the vendor's lien on said land, which was alleged to consist of three tracts, as described in the petition in said suit; that said original indebtedness amounted to about $4,400; that the court, on June 8, 1923, rendered judgment for said debt against Mattie Austin as survivor and foreclosed said lien and ordered the land sold to pay said judgment, and ordered the balance of the proceeds of sale remaining after satisfying said judgment to be paid into the registry of the court, to be divided by paying one half thereof to Mattie Austin and the remaining half to her children; that the judgment so rendered amounted, with costs, to $6,000. No description of said lands was given anywhere in said motion, but reference was made in said motion to the original petition in the case. Appellants further allege that order of sale was issued on said judgment in favor of appellee bank, and that said lands, on the first Tuesday in November, 1923, were sold in bulk to appellee Lockwood, and that he was put in possession of the same, and that he was withholding possession thereof from appellants. Appellants further allege that said sale should be set aside and held for naught because said judgment is absolutely void, on various grounds therein stated. These grounds will be hereinafter discussed. Appellants also allege that appellee Lockwood, the purchaser of said lands, was cognizant of all the facts; that they were the owners of the lands in fee simple; that the act of dispossessing them under said judgment and sale was malicious; and that

they were entitled to recover $25,000 as rents and damages. They prayed for title and possession of said land; that said sale be set aside; that said judgment be set aside and declared void, and for recovery of their damages as alleged.

The court sustained a general demurrer to said motion, and this appeal followed.

Appellants, some 23 in number, seem to be divisible into four groups as follows: First, Mattie Austin, surviving wife of Addison Austin, and his children and heirs; second, the heirs of Dan Austin's first wife; third, the second wife of Dan Austin; and, fourth, certain persons whose relation to the issues involved herein is not disclosed and in whom no interest of any nature in the property sold is alleged. There is an apparent conflict of interests between the heirs of the first wife of Dan Austin and the surviving wife and heirs at law of Addison Austin, yet they join in this motion and in a common prayer that said judgment and the sale thereunder be declared void and that they recover the title and possession of the land and damages as alleged.

[1, 2] Appellants, in their brief, present 18 assignments of error, each of which is submitted as a proposition. Appellants, in their first proposition, contend that the court erred in sustaining a general demurrer to their said motion because the same contained the following:

"Plaintiffs herein allege that said sale of land should be set aside and held for naught, because the court was without jurisdiction to try said cause and render judgment therein, in that plaintiffs in the original cause sued Mattie Austin as survivor of Addison Austin, deceased, and her children, five of whom were minors without a lawful guardian, and the plaintiff First State Bank & Trust Company failed to allege 'that there was no necessity for an administration of the estate of Addison Austin, deceased,' which alleged a good cause of action."

The probate court had no jurisdiction in the premises except over property belonging to the estate of Addison Austin, deceased. Its jurisdiction over such property was confined to the ordinary purposes of administration. Such jurisdiction was potential only and could be invoked as to the estate of the intestate only by application for temporary or permanent letters. It does not appear from appellants' allegations that any such application was ever made. That court, however, did not have even potential jurisdiction to adjudicate the merits of any adverse claim of title asserted by the heirs of the first wife of Dan Austin in their cross-action in the original suit. Neither did such court have jurisdiction to determine whether the debt asserted by the bank constituted a lien on any interest in said property which may have been claimed by them. So far as they and appellants, other than Mattie Austin and her children, are concerned, such contention was

wholly insufficient to affect the validity of said judgment. Was said allegation in said motion sufficient to show that said judgment was void as to Mattie Austin and her children? The motion does not attempt to set out what the petition on which said suit was tried did contain. Appellants merely alleged that it did not contain the specific allegation that there was no necessity for administration on the estate of Addison Austin. Article 3235 of the Revised Statutes provides, in substance, that upon the death of an intestate his property shall vest immediately in his heirs at law, but all such property not exempt shall be liable and subject in their hands to the payment of the debts of the intestate, and that upon issuance of letters of administration the administrator shall have the right to the possession of the estate as it existed at the death of the intestate. Waiving the absence of specific allegation that Addison Austin owned said land at the time of his death and that the same constituted a part of his estate, we find that the title to said property was vested, by virtue of said statute, in his wife as survivor of the community and in his children as his heirs at law, subject to the rights accorded creditors thereby and the rights accorded an administrator thereby if one should be appointed. A lien creditor may sue the heirs of a deceased person to establish his debt and to foreclose a lien on property in their hands which belonged to the deceased debtor in his lifetime, provided such creditor alleges that there is no administration on the estate of the deceased and no necessity for any administration thereon, notwithstanding the heirs may resist such proceeding by objecting thereto before the trial of the case or the rendition of judgment therein. Solomon v. Skinner, 82 Tex. 345, 18 S. W. 698; Brandenburg v. Norwood (Tex. Civ. App.) 66 S. W. 587. In this case, however, the survivor was sued as such, as well as the heirs of the deceased. It is expressly alleged that judgment for the debt was rendered against her as survivor. It is not alleged in appellants' motion that the plaintiff in said suit did not allege and prove that Mattie Austin had qualified as such survivor. If such allegation was made, the suit was properly brought, and if the same was proved, the judgment rendered was a proper one. Vela v. Guerra, 75 Tex. 595, 597, 12 S. W. 1127. The contrary is not made to appear by any allegations in said motion.

We think the jurisdiction of the court to render the judgment complained of might have been shown by the petition on which such suit was tried, notwithstanding the survivor may not have qualified under the statute, and notwithstanding such petition did not contain the specific allegation that there was no necessity for administration on the estate of Addison Austin. If the plaintiff in said suit had alleged in said petition that said lands constituted the homestead of Addison Austin, deceased, at the time of his death, that there was no other property belonging to his estate, that the lien asserted in said suit was the only lien thereon, and that there was no administration either pending or applied for, such allegations would in themselves have excluded any contention of necessity for such administration. Appellants' contention here discussed is overruled.

[3-5] Appellants, in their fifth proposition, contend that the court erred in sustaining a general demurrer to their said motion because said judgment was void as to Timothy Austin. They allege in this connection that he was a minor without a lawful guardian, and that no guardian ad litem was appointed to represent him in the trial of said case. This contention affects the said minor only and does not affect the rights of any of the other parties to said judgment. A judgment against a minor without a lawful guardian, and without the appointment of a guardian ad litem to represent him in the suit in which such judgment was rendered, is not void but only voidable. The allegations of appellants' motion show with reasonable certainty that the only relief sought against the minor as one of the heirs of Dan Austin's first wife was a foreclosure of the lien arising out of the sale of the property to Addison Austin. Not content with merely resisting a foreclosure as against them, said heirs are alleged to have filed a cross-action, seeking affirmative relief. While the contents of such cross-action are not alleged, the contention of said heirs is disclosed by this motion to be, in substance, that the sale from Dan Austin to Addison Austin was ineffectual to pass the interest inherited by them from their mother. Such cross-action could have been prosecuted by the minor Timothy Austin by next friend, and in such case the judgment rendered would be binding on him. He appears in this motion by his brother, Isaac Austin, as next friend. Isaac Austin was a party to such cross-action. There is no allegation that the minor was not represented in prosecuting said cross-action by said brother, or some other proper party as next friend. It is presumed that the proceedings in the case were regular and that the trial judge required proper parties to protect the interests of said minor, unless the contrary is shown. Where a minor defendant appears in the case by next friend and asserts his rights with reference to the only issues affecting his interests and asks affirmative relief, which, if granted, would defeat the prayer of the plaintiff, the judgment rendered on the trial is not void. Wallis, Landes & Co. v. Stuart, 92 Tex. 568, 573, 574, 50 S. W. 567; Hays v. Hays, 66 Tex. 606, 608, 1 S. W. 895; Grogan v. Spaulding, (Tex. Civ. App.) 155 S. W. 1014, 1015.

[6] Appellants, by several propositions, contend that the judgment complained of was

void and insufficient to support a sale because they alleged that said judgment failed to dispose of all the parties to the suit. The language of the judgment is not set out. It is alleged in said motion in general terms that the court rendered judgment against Mattie Austin as survivor for the debt and foreclosed the lien and declared that no recovery be had on the cross-action. Apparently this judgment disposed of the rights of all the parties to the suit. Appellants' allegation that it does not do so as to certain parties is apparently a mere conclusion of the pleader. Sufficient facts are not presented to sustain such conclusion and to show said judgment is in fact so deficient.

[7] Appellants allege as grounds for setting aside said sale that said lands were sold for an unconscionably low price, to wit, about one-third their actual value. They charge that the attorneys representing them in said suit agreed with attorneys representing the plaintiff therein not to appeal from said judgment, and that such agreement was without their knowledge or consent. According to the allegations of appellants' motion, said judgment was rendered June 8, 1923, and said sale was not made until the 5th of the following November. The term of the court at which such judgment was rendered expired by law on June 9, 1923. Nearly six months elapsed from the time said judgment became final by reason of the adjournment of the term at which it was rendered before such sale was made. There is no allegation that appellants ever instructed their attorneys to appeal from said judgment. There is no allegation that said attorneys acted fraudulently in agreeing not to prosecute an appeal. For all that appears in said motion, said attorneys may have honestly believed that an appeal would be fruitless and would entail useless expense. Appellants do not allege that they did not have notice of said sale. They still had time before the sale was made to prosecute a writ of error for the review of such judgment and to supersede the execution thereof if able to give the required bond. If not able to give the required bond to supersede such judgment, an appeal would not have prevented such sale. Plaintiff's allegations here considered did not show a right to have the sale set aside.

[8, 9] Appellants alleged in their motion that the lands involved consisted of three tracts, and that the same were sold in bulk. They claim that said allegations showed a good cause of action to have said sale set aside. Appellants showed by the allegations made in said motion that the judgment of the court foreclosing the lien on said land directed the sale of the same, and that said sale was made under order of sale issued on said judgment. There is no allegation that said judgment directed said land to be sold in parcels, and no allegation that appellants at or before such sale demanded that it should be so made, nor that in connection with such demand they complied with the requirements of article 3754 of the Revised Statutes, with reference to furnishing a survey of the land, field notes of the several parcels, and a plat showing the location of the same. If said article is applicable to sales under judgments foreclosing liens upon several tracts and ordering the same sold as a whole, a substantial compliance with its provisions is necessary to invoke its application. Colwick v. Wright (Tex. Civ. App.) 275 S. W. 152, and authorities there cited.

[10, 11] Appellants, by the other propositions submitted in their brief, assail said judgment as void and insufficient to support the sale. We have examined each of said propositions and have reached the conclusion that the matters complained of therein are mere irregularities. They are such as might have been properly considered and acted upon on appeal, but not such as to render the judgment void. This being an attack on a final judgment long after the close of the term at which it was rendered, such judgment must be held conclusive upon the parties thereto as to the matters so urged. Appellants' motion does not comply with the requirements of an equitable action to set aside a final judgment rendered at prior term. We do not understand them to insist that it does. Such motion cannot be made to serve the purposes of an appeal. Harn v. Phelps, 65 Tex. 592, 597, 598.

The judgment of the trial court is affirmed.