## NATIONAL SPIRITUAL ASS'N v. VESTAL et al. *

(Circuit Court of Appeals, Fifth Circuit. November 19, 1926.)

No. 4897.

1. Judgment ⬦⟹828(3)—Where order denying probate of will was affirmed by highest state court, federal District Court could not aid sole legatee therein by setting aside settlement agreement between such legatee and alleged widow and heirs of testator (Rev. St. Tex. 1925, art. 3348).

Where order denying probate of will because of testator's mental incapacity was affirmed by highest state court, *held* that, in view of Rev. St. Tex. 1925, art. 3348, federal District Court could not aid sole legatee in will by setting aside settlement agreement between such legatee and alleged widow and heirs, on ground that they had falsely claimed relationship to testator.

2. Judgment ⬦⟹828(3).

Remedy of unsuccessful litigant in highest state court is by appeal to United States Supreme Court, and he cannot begin over again in federal courts.

Appeal from the District Court of the United States for the Northern District of Texas; James C. Wilson, Judge.

*Rehearing denied December 13, 1926.

Suit by the National Spiritual Association against Sarah A. Vestal and others. Decree for defendants, and plaintiff appeals. Affirmed.

Will C. Austin, of Fort Worth, Tex. (Alonzo M. Griffen, of Chicago, Ill., and Mark A. Barwise, of Bangor, Me., on the brief), for appellant.

W. P. McLean, Jr., of Fort Worth, Tex., for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an appeal from a decree dismissing the bill of complaint of the National Spiritual Association. The bill contains allegations to the following effect: John L. Jackson, deceased, by his will left to appellant his entire estate, valued at more than $500,000. Probate of the will was contested by those claiming to be Jackson's widow and heirs, and was refused by the trial court. An appeal was taken, first to the district court, and then to the Court of Civil Appeals. The last-named court dismissed the appeal because of the association's failure to give an appeal bond. Warne v. Jackson, 230 S. W. 242. A settlement was thereupon arrived at, whereby the association received $75,000, and the balance of the estate was divided between the contestants, who claimed to be Jackson's widow and heirs. That settlement was approved by the judge of probate, but about a year thereafter the appellant association filed its petition to have the settlement set aside on the ground that the contestants had falsely and fraudulently claimed to be next of kin to Jackson. The petition was denied on the ground, among others, that Jackson did not possess testamentary capacity at the time he made his will. On appeal this action was sustained by the Court of Civil Appeals (Warne v. Jackson, 273 S. W. 315), and has since been sustained by the Supreme Court of Texas. That petition is substantially the same as the bill in this case.

[1] It thus appears that probate of Jackson's purported will has been denied by the appropriate state court, and that the order denying probate was not successfully appealed from and has become final. This being so, appellant has been adjudicated not to have any interest in Jackson's estate by virtue of the will, and does not claim an interest otherwise. If, therefore, it be true, as claimed, that appellees falsely claimed relationship to Jackson, with the consequent right to inherit his estate, a situation would be presented of which the true heirs might complain, but

with which appellant has no concern. It was made the duty of the county judge to refuse to probate the will if Jackson was of unsound mind, even though no contest were made. Revised Civil Statutes of Texas 1925, art. 3348. Unless there were a valid will, which had been duly probated, the federal District Court was without power to grant any relief to appellant. We are therefore of opinion that on the merits the decree appealed from is correct.

[2] Besides that, appellant presented the same questions to the state courts, and, if it desired to litigate further, it could and should have taken an appeal from the Supreme Court of Texas to the Supreme Court of the United States. It cannot try out its rights to a finality in the state courts, and, being unsuccessful, begin all over again in the federal courts. The doctrine of res judicata prevents that.

The decree is affirmed.