## DALLAS JOINT STOCK LAND BANK v. LANCASTER.

No. 1705.

Court of Civil Appeals of Texas. Waco.

Feb. 13, 1936.

Renfro, McCombs & Kilgore and Searcy L. Johnson, all of Dallas, for appellant.

Munroe & Holt and Geo. W. Barcus, all of Waco, for appellee.

ALEXANDER, Justice.

Dallas Joint Stock Land Bank brought a suit in the district court of Dallas county against C. M. Lancaster and others for debt and to foreclose a deed of trust lien on a dairy farm situated in McLennan county, and caused the property covered by the lien to be seized under a writ of sequestration pending a trial on the merits. Thereafter C. M. Lancaster brought this suit in the district court of McLennan county against Dallas Joint Stock Land Bank to recover damages because of the alleged unlawful issuance and levy of said writ of sequestration. The defendant filed a plea of privilege to be sued in Dallas county, which plea was duly controverted. The trial court heard evidence, and overruled the plea of privilege. The defendant appealed.

The only question raised by the appeal is the insufficiency of the evidence to support the judgment. It is contended that the appellee herein failed to prove a prima facie case of wrongful sequestration. The writ of sequestration was secured on an affidavit which stated that the plaintiff therein, the Dallas Joint Stock Land Bank, "fears the aforesaid defendants will make use of such possession to injure such property and waste and convert to their own use the timber, rents, fruits and revenues of such property."

The burden of proof was on Lancaster, the plaintiff herein, to prove prima facie that the writ of sequestration was wrongfully sued out. Compton v. Elliott (Tex.Com.App.) 88 S.W.(2d) 91. Whether or not the writ was wrongfully sued out depends on whether or not the loan company through its agents actually feared that Lancaster, the plaintiff in the original suit, would injure the property or waste or convert to his own use the timber, rents, fruits, or revenues of such property. Vela v. Guerra, 75 Tex. 595, 12 S.W. 1127; McMillan v. Moon, 18 Tex.Civ.App. 227, 44 S.W. 414.

It is not claimed that the deed of trust contained any special provisions giving the loan company the right to take possession of the mortgaged property during the pendency of the suit to foreclose the lien. Therefore Lancaster, being a mortgagor in possession, was entitled to the possession of the property and to the rents, fruits, and revenues thereof pending a trial on the merits. 29 Tex.Jur. 880; 27 Tex.Jur. 99; F. Groos & Co. v. Chittim (Tex.Civ.App.) 100 S.W. 1006, 1010; Ferguson v. Dickinson (Tex.Civ.App.) 138 S.W. 221; Burks v. Burks (Tex.Civ.App.) 141 S.W. 337; Reeh v. Reeh (Tex.Civ.App.) 288 S.W. 276, par. 8. Since Lancaster was entitled to the rents, fruits, and revenues of the property, he

could not illegally convert same to his own use, and therefore the loan company's fear in this respect could not furnish the basis for the lawful issuance and levy of the writ of sequestration.

The only question remaining is whether the loan company's representatives actually feared that Lancaster would injure the property or waste or convert to his own use the timber thereon. This depended on the state of mind of such representatives. Such state of mind could not be proven by direct evidence from others. But this did not render the matter incapable of proof. It could be proven by circumstances. 17 Tex.Jur. 408. Were the circumstances introduced in evidence in this case sufficient to prove such state of mind? Lancaster testified without contradiction that he had not injured the property and was not doing so, nor threatening to do so, at the time he was dispossessed. He had placed valuable improvements on the property and had planted the land with oats and other crops and was keeping it in good condition. The loan company offered no evidence to the contrary, and did not attempt to prove the actual condition of the minds of its representatives nor the information possessed by them at the time they procured the issuance of the writ. The evidence offered by Lancaster, uncontradicted as it was, was sufficient to prove that there was in fact no danger that Lancaster would injure the property. Proof of this fact was a strong circumstance tending to prove that the loan company's representatives did not in fact fear such injury. When this proof was made by Lancaster and the loan company wholly failed to come forward with evidence to meet it by proof of a matter so exclusively within the minds of its representatives, the circumstances were made stronger against the loan company. Austin Bros. v. Sill (Tex.Civ.App.) 83 S.W.(2d) 716, pars. 1 and 2; Mrs. Baird's Bakery v. Davis (Tex.Civ.App.) 54 S.W. (2d) 1031, pars. 1 to 3; Barron v. Texas Employers' Ins. Ass'n (Tex.Com.App.) 36 S.W.(2d) 464, 467; Houston News Co. v. Shavers (Tex.Civ.App.) 64 S.W.(2d) 384, 386. It was for the trial judge as the trier of the facts to say what inference should be drawn from these circumstances. J. M. Radford Gro. Co. v. Matthews (Tex.Civ. App.) 78 S.W.(2d) 989, par. 2; Straka v. Farmers' Mutual Protective Ass'n (Tex. Civ.App.) 79 S.W.(2d) 883, par. 1; Wiggins v. Holmes (Tex.Civ.App.) 39 S.W.(2d) 162,

par. 2. Since the trial court overruled the plea of privilege, we must presume that the court found in such a way as to sustain the judgment; there being evidence sufficient to support such finding. We presume, therefore, that the trial court found that the writ was unlawfully issued and levied. It is undisputed that the writ was levied in McLennan county. The suit, therefore, was properly maintainable in McLennan county under subdivision 8 of Revised Statutes, article 1995.

The judgment of the trial court is affirmed.